UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   EDCV 22-2190 PA (PVC) | Date:  December 16, 2022 |
| Title   Joe Dean Lea, Jr. v. Francisco J. Quintana, Warden | |

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent:[1] |
| None | None |

**PROCEEDINGS:** **[IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED FOR LACK OF JURISDICTION**

On November 16, 2022, Joe Dean Lea, Jr. ("Petitioner"), a federal prisoner proceeding *pro se*, constructively filed a habeas petition pursuant to 28 U.S.C. § 2241.[2] ("Petition," Dkt. No. 1 at 8) (continuous pagination).  The Petition arises from Petitioner's conviction on July 1, 2021 in the United States District Court for the Eastern District of Missouri (the "District Court") for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).  *See United States of America v. Joe D. Lea*, E.D. Mo. Case No. CR 19-0939 JAR ("*Lea*") (Dkt. No. 80 (Guilty Plea

---

[1] Francisco J. Quintana, Warden of FCI-Victorville, where Petitioner is currently housed, is substituted for the Respondent erroneously named in the Petition.  Fed. R. Civ. P. 25(d).

[2] Pursuant to the mailbox rule, "[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed[,]" which in this case was November 16, 2022.  *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988).  Citations to the Petition follow the CM/ECF-generated page numbers on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-2190 PA (PVC)                                              Date:  December 16, 2022

Title   Joe Dean Lea, Jr. v. Francisco J. Quintana, Warden

Agreement); Dkt. No. 82 (Judgment)).  The Court sentenced Petitioner to a determinate term of 48 months.  (*Id*., Dkt. No. 82 at 2).[3]

The Petition is extremely difficult to decipher.  However, generously construed, it appears to argue that Petitioner's 48-month sentence is excessive and that Petitioner agreed to it when he tendered his plea only because his trial counsel told him that he would be sentenced to ten years in prison if he took his case to trial.  (*See* Petition at 4) ("My lawyer . . . told me take a deal or get teen [sic] year's. . . . . al[l] the evidence's was not there.").  Specifically, Petitioner contends that his sentence "should [have] been les[s] with my background."  (*Id*. at 7).  Petitioner maintains that he "get sell out and have go do time lot time because ain't no one really want do job like a real lawyer."  (*Id*.).  Accordingly, it appears that Petitioner is broadly attempting to raise a claim of ineffective assistance of counsel, which, pursuant to the terms of his plea agreement, is one of the only claims he did not waive by pleading guilty.  (*See Lea*, Dkt. No. 80 at 8) ("The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.").

---

[3] The Court takes judicial notice of Petitioner's criminal proceedings in the United States District Court for the Eastern District of Missouri.  *See In re Korean Air Lines Co.*, *Ltd.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011) (a court may take judicial notice of a court's own records in other cases and the records of other courts).

In the Petition, Petitioner asserts that he filed a motion under 28 U.S.C. § 2255 challenging his conviction or sentence with his sentencing court in *Lea*, E.D. Mo. CR 19-0939 JAR.  (*See* Petition at 3).  However, the only entry on the District Court's docket in that matter following the entry of Judgment and the Statement of Reasons for Sentence, both of which issued on July 1, 2021, (*see Lea*, Dkt. Nos. 82-83), is a Notice by Defendant's counsel dated July 23, 2021 confirming that counsel spoke with Petitioner following his sentencing about his appeal options and Petitioner informed counsel that he did not wish to appeal.  (*Id*., Dkt. No. 84 at 1).  There is no Notice of Appeal or § 2255 motion on the District Court's docket.  Accordingly, the Court is unable to confirm that Petitioner has sought post-conviction relief, either direct or collateral, apart from the instant Petition, despite representations in the Petition to the contrary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-2190 PA (PVC)                                        Date:  December 16, 2022

Title        Joe Dean Lea, Jr. v. Francisco J. Quintana, Warden

### A.    The Petition Appears to Be a "Disguised" § 2255 Motion that May Be Heard Only in the Eastern District of Missouri

Petitioner purports to bring this action pursuant to 28 U.S.C. § 2241.  However, for the Court to determine if it has jurisdiction over Petitioner's claims, it must first resolve whether the Petition is properly brought pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255.  See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("[A] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue.").  If the Petition falls under § 2255, it must be brought before the sentencing court, which in this case is the United States District Court for the Eastern District of Missouri.  See id. ("§ 2255 motions must be heard in the sentencing court . . . .").  If the Petition falls under § 2241, it must be filed in the custodial jurisdiction, which is the Central District of California.  See id. ("[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . .").

"In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).  "Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in violation of the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence.'" Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).  In contrast, § 2241 provides a remedy for federal detainees in only two circumstances:  (1) to challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate." See United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997).

"[R]estrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).  However, under the so-called "savings clause" of § 2255, "a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Hernandez, 204 F.3d at 864-65 (internal quotation marks omitted); see also 28 U.S.C. § 2255(e) (an application for a writ of habeas corpus by a prisoner in federal custody must be presented to the sentencing court as a motion under § 2255 "unless it also appears that the remedy by motion is inadequate or ineffective to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-2190 PA (PVC)   Date:  December 16, 2022

Title   Joe Dean Lea, Jr. v. Francisco J. Quintana, Warden

test the legality of his detention"). A remedy qualifies as inadequate or ineffective for purposes of § 2255's "escape hatch" only "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959. For a "claim to be a legitimate § 2241 petition," both requirements must be satisfied. *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012).

"In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 623 (1998): To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Actual innocence means factual innocence, not mere legal insufficiency." *Muth*, 676 F.3d at 819 (internal quotation marks, parallel citations and brackets omitted); *see also Stephens*, 464 F.3d at 898 (a claim of actual innocence for purposes of the § 2255 escape hatch is tested under the *Bousley* standard). The mere assertion that a petitioner is actually innocent, without the introduction of "evidence tending to show that he did not commit the [acts] underlying his convictions," is insufficient to satisfy the standard. *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *see also Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."). Alternatively, a petitioner may state a claim of actual innocence "when he was convicted for conduct not prohibited by law." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011).

Here, Petitioner does not allege facts -- much less provide evidence -- showing that he did not actually commit the crime of felon in possession of a firearm, to which he pleaded guilty. At most, Petitioner may be alleging that his lawyer should have tried to get a copy of a store videotape that would have shown what he was doing immediately prior to his arrest. However, Plaintiff has not submitted the videotape to support his Petition. Nor does he affirmatively argue that the tape would have shown that he was not in possession of a firearm, and it is difficult to understand how it could. (Petition at 6-7). Similarly, Petitioner does not cite any new authorities that would render his conviction for felon in possession of a firearm unlawful.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-2190 PA (PVC)                                             Date:  December 16, 2022

Title        Joe Dean Lea, Jr. v. Francisco J. Quintana, Warden

      Perhaps even more importantly, Petitioner's claim of actual innocence appears to be foreclosed by his guilty plea, which is entitled to a strong presumption of truth.  *See Muth*, 676 F.3d at 821-22 (petitioner was not entitled to application of the savings clause to his § 2241 petition where his claim of actual innocence was belied by his guilty plea) (citing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977), and other cases); *see also United States v. Morrison*, 113 F.3d 1020, 1021 (9th Cir. 1997) ("Any attempt to contradict the factual basis of a valid plea must fail.").  In sum, Petitioner makes no serious attempt to prove "that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Muth*, 676 F.3d at 819.  As such, Petitioner's failure to assert a claim of factual innocence appears, by itself, to bar the Petition from qualifying for the § 2255 escape hatch.  *Id*. (availability of § 2255 escape hatch foreclosed where petition fails to make plausible showing of actual innocence).

      Even if Petitioner had plausibly shown that he is factually innocent, he has not established that he did not have "an unobstructed procedural shot" to present his claims.  As such, the Petition does not qualify for the § 2255 escape hatch for this separate and independent reason.  To determine whether a petitioner did not have an unobstructed procedural shot to pursue his claim, a court asks: "(1) whether the legal basis for Petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after the first § 2255 motion." *Harrison*, 519 F.3d at 960.  "For a change in law to be relevant to petitioner's earlier conviction or sentence, it must apply retroactively." *Gibbs v. United States*, 2016 WL 413215, at *1 (C.D. Cal. Jan. 31, 2016); *see also Alaimalo*, 645 F.3d at 1047 ("An intervening court decision must 'effect a material change in the applicable law' to establish unavailability.") (quoting *Harrison*, 519 F.3d at 960).  To demonstrate that a petitioner lacked an unobstructed procedural shot, "it is not enough that the petitioner is presently barred from raising his claim . . . by motion under § 2255.  He must never have had the opportunity to raise it by motion." *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003).

      To the extent that the Petition can be construed to raise any cognizable habeas claim at all, the legal basis for Petitioner's ineffective assistance of counsel claim existed and was known to Petitioner at the time he entered his plea on July 1, 2021.  Nonetheless, Petitioner does not appear to have made any attempt to raise his claim following the entry of his plea, either on direct appeal or in a § 2255 motion, apart from the instant action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-2190 PA (PVC)                                    Date:  December 16, 2022

Title          Joe Dean Lea, Jr. v. Francisco J. Quintana, Warden


Because it appears that Petitioner had the opportunity to raise his claims on direct appeal or in a § 2255 motion -- *i.e.*, that he had an "unobstructed procedural shot" to challenge his conviction and sentence -- whether or not he pursued it, he does not appear to qualify for § 2255's escape hatch on that ground along.

Petitioner has not shown that he is factually innocent and that he never had the opportunity to raise the claims in the Petition in the District Court. Accordingly, the Petition must be construed as a § 2255 motion, not a habeas petition under § 2241, and, as such, it must be brought in the jurisdiction of the sentencing court, which is the Eastern District of Missouri. *See Hernandez*, 204 F.3d at 865.[4]

    **B.**    **Order**

Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **twenty-one (21) days** of the date of this Order, why this action should not be dismissed for lack of jurisdiction. **Petitioner may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth any reason why the Petition qualifies for the escape**

---

[4] The Court notes that the instant action also appears to be untimely. Petitioner was entered his plea on July 1, 2021 and judgment issued on that date. (*Lea*, Dkt. No. 82). The conviction became "final" fourteen days later, on July 15, 2021, when the time for Petitioner to file a notice of appeal expired, and the one-year statute of limitations began to run. *See* 28 U.S.C. § 2255(f)(1) (a prisoner must bring a § 2255 motion to vacate within one year of the date on which the judgment of conviction becomes final); Fed. R. App. P. 4(b)(1)(A)(i) (notice of appeal in a criminal case must be filed within 14 days of the entry of either the judgment or the order being appealed); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (the statute of limitations within which defendant had to file her § 2255 motion following her plea "began to run upon the expiration of the time during which she could have sought review by direct appeal").

Accordingly, absent sufficient equitable tolling, to which Petitioner has not shown an entitlement, the statute of limitations expired on July 15, 2022, approximately four months before Petitioner filed this action. However, because the Court's lack of jurisdiction over Petitioner's claims appears dispositive of this action, it is not necessary to address or resolve the timeliness issue.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-2190 PA (PVC)                                   Date:  December 16, 2022

Title         Joe Dean Lea, Jr. v. Francisco J. Quintana, Warden

hatch of 28 U.S.C. § 2255(e).  This Order is not dispositive of any claim but only gives notice to Petitioner of what the Magistrate Judge may recommend to the District Judge.

      Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  Petitioner is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Petitioner's convenience.**

      The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address of record.

      IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |